**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ISAIAH LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. |
| vs. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER ROCCO PRUGER, STAR #15445; CHICAGO POLICE OFFICER PETER THEODORE, STAR #10523; CHICAGO POLICE OFFICER BRYAN COX, STAR #19328; CHICAGO POLICE DETECTIVE KENNETH PISANO, STAR #20205; CHICAGO POLICE DETECTIVE STEPHEN GRZENIA, STAR #20710; OTHER UNKNOWN CHICAGO POLICE OFFICERS; LAUREN BRIDGER and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, ISAIAH LLOYD, by and through his attorneys, LAW OFFICES OF JEFFREY J. NESLUND, and complains of the DEFENDANTS, CHICAGO POLICE OFFICER PRUGER, STAR #15445; CHICAGO POLICE OFFICER PETER THEODORE, STAR #10523; CHICAGO POLICE OFFICER BRYAN COX, STAR #19328; CHICAGO POLICE DETECTIVE KENNETH PISANO, STAR #20205; CHICAGO POLICE DETECTIVE STEPHEN GRZENIA, STAR #20710; OTHER UNKNOWN CHICAGO POLICE OFFICERS (hereinafter "DEFENDANT OFFICERS AND DETECTIVES"); LAUREN BRIDGER; and THE CITY OF CHICAGO, as follows:

1

## INTRODUCTION

1. This is an action for civil damages brought for the deprivation of PLAINTIFF'S constitutional rights. On July 24, 2014, the PLAINTIFF was arrested and prosecuted for crimes of which he was completely innocent. The DEFENDANTS conspired to violate PLAINTIFF'S constitutional rights by manipulating and falsifying evidence and withholding exculpatory evidence from prosecutors which resulted in a deprivation of PLAINTIFF'S liberty. On November 10, 2015, the PLAINTIFF was subsequently exonerated of all criminal charges initiated by the DEFENDANTS. This lawsuit seeks redress for injuries caused by the DEFENDANTS' misconduct under federal law and Illinois State law.

2. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

3. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois. Further, the PLAINTIFF and DEFENDANTS reside within this judicial district and DEFENDANT CITY OF CHICAGO is a municipal corporation located within this district.

4. The DEFENDANT OFFICERS and DETECTIVES were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On July 24, 2014, DEFENDANT LAUREN BRIDGER reported to DEFENDANTS DETECTIVE PISANO; DETECTIVE GRZENIA and OTHER UNKNOWN CHICAGO POLICE OFFICERS that she was robbed of her purse and cell phone at gun point.

6. A witness reported to DEFENDANTS DETECTIVE PISANO, DETECTIVE GRZENIA and OTHER UNKNOWN CHICAGO POLICE OFFICERS that he saw the individual who robbed DEFENDANT BRIDGER get into a red four-door car and flee the scene.

7. DEFENDANT BRIDGER was able to track the location of her stolen cell phone to a gas station located at 603 S. Independence Boulevard in Chicago.

8. As the DEFENDANT OFFICERS PRUGER, THEODORE, COX and OTHER UNKNOWN CHICAGO POLICE OFFICERS arrived at the gas station, multiple individuals immediately fled from the location, including an individual named Jason Johnson, who had been using DEFENDANT BRIDGER'S stolen credit card.

9. DEFENDANT OFFICERS PRUGER, THEODORE, COX and OTHER UNKNOWN CHICAGO POLICE OFFICERS recovered a black pellet gun as well as DEFENDANT BRIDGER'S purse and cell phone from a 2001 red four-door Chevy Impala that was at the gas station.

10. The PLAINTIFF was inside a van with several other individuals at the gas station when DEFENDANT OFFICERS PRUGER, THEODORE, COX and OTHER UNKNOWN CHICAGO POLICE OFFICERS arrived at that location.

11. PLAINTIFF, ISAIAH LLOYD, was forced out of the van and arrested by DEFENDANT OFFICERS PRUGER, THEODORE and COX despite the fact he was not in violation of any laws and had no connection to the robbery reported by DEFENDANT BRIDGER or the 2001 red Chevy Impala.

12. DEFENDANT OFFICER PRUGER had the 2001 red Chevy Impala towed and impounded in connection with the armed robbery of DEFENDANT BRIDGER.

13. The DEFENDANT OFFICERS and DETECTIVES knew the red Chevy Impala that was towed from the gas station was owned by a woman named Tajuana Bloodworth who lived in Robbins, Illinois.

14. Tajuana Bloodworth called the Chicago Police Department on July 25, 2014 to report that her 2001 red Chevy Impala was stolen by her boyfriend, Jason Johnson, the night before.

15. Tajuana Bloodworth's boyfriend, Jason Johnson, left her 2001 red Chevy Impala at the gas station on July 24, 2014 as the DEFENDANT OFFICES arrived because he was doing illegal "fill ups" with DEFENDANT BRIDGER'S stolen credit card.

16. The DEFENDANT OFFICERS and DETECTIVES made no effort to contact or interview Tajuana Bloodworth, despite the fact the weapon and proceeds from the robbery were recovered from her vehicle.

17. The DEFENDANT OFFICERS and DETECTIVES made no effort to contact or interview Tajuana Bloodworth, despite the fact she reported her 2001 red Chevy Impala stolen and it was used in connection with the robbery of DEFENDANT BRIDGER.

18. DEFENDANT DETECTIVE GRZENIA fabricated evidence claiming PLAINTIFF, ISAIAH LLOYD, was the owner of the 2001 red Chevy Impala.

19. Despite the fact the PLAINTIFF had no connection to the 2001 red Chevy Impala or to the owner, Ms. Bloodworth, the DEFENDANT OFFICERS promoted the identification of the PLAINTIFF as the suspect who robbed DEFENDANT BRIDGER by fabricating evidence and manipulating identification procedures.

20. The DEFENDANT OFFICERS falsified police reports stating the proceeds from the robbery were recovered from the PLAINTIFF.

21. The DEFENDANT OFFICERS falsified police reports stating the black pellet gun used in the robbery was recovered from the PLAINTIFF.

22. The DEFENDANT OFFICERS and DETECTIVES induced the false identification of the PLAINTIFF as the individual who robbed DEFENDANT BRIDGER by informing DEFENDANT BRIDGER that they had already apprehended the offender and had recovered the proceeds of the robbery from the PLAINTIFF'S van.

23. The DEFENDANT OFFICERS and DETECTIVES furthered induced a false identification of the PLAINTIFF as the robbery offender by placing the PLAINTIFF in an unfair and suggestive line up in which PLAINTIFF was the only suspect with short hair.

24. Pleading in the alternative on information and belief, due to the lack of any basis to identify the PLAINTIFF or any connection with the PLAINTIFF to the 2001 red Chevy Impala which contained the pellet gun and proceeds of the robbery, DEFENDANT OFFICERS and DETECTIVES conspired with DEFENDANT BRIDGER to frame the PLAINTIFF for her robbery in order to quickly close the case. Each of the DEFENDANTS took overt acts in furtherance of this conspiracy to deprive the PLAINTIFF of his Constitutional rights, including, but not limited to, the following:

(a) fabricating evidence regarding the PLAINTIFF'S ownership and/or possession of the 2001 red Chevy Impala;

(b) fabricating evidence regarding the PLAINTIFF'S possession of the black pellet gun used in the robbery;

(c) fabricating evidence regarding the PLAINTIFF'S possession of the proceeds of the robbery;

(d) fabricating evidence that the weapon and proceeds of the robbery were found in the PLAINTIFF'S van;

(e) placing the PLAINTIFF in an illegal and improperly suggestive lineup;

(f) generating false police reports;

(g) DEFENDANT BRIDGER falsely identified the PLAINTIFF, knowing that he was not the individual who robbed her:

(h) DEFENDANT BRIDGER signed criminal complaints against the PLAINTIFF, knowing that he was not the individual who robbed her;

(i) DEFENDANT BRIDGER gave false and perjured testimony in the criminal proceedings, knowing that the PLAINTIFF was not the individual who robbed her;

(j) The DEFENDANTS also conspired to withhold exculpatory evidence from prosecutors that the PLAINTIFF had no connection to the 2001 Chevy Impala, robbery proceeds or black pellet gun; and

(k) The DEFENDANTS further conspired to withhold exculpatory evidence from prosecutors that the identification of PLAINTIFF by DEFENDANT BRIDGER was based on providing DEFENDANT BRIDGER with false information and an improper and suggestive lineup.

25. Based on the misconduct outlined above, PLAINTIFF was charged with Class X felony offense of armed robbery of DEFENDANT BRIDGER in Cook County criminal case number: 14 CR 13796 and faced a potential 30 year prison sentence.

26. The PLAINTIFF remained incarcerated in the Cook County Department of Corrections and deprived of his liberty until he was acquitted of all criminal charges initiated by the DEFENDANTS on November 10, 2015.

## COUNT I
## 42 U.S.C. § 1983: False Arrest/Unlawful Detention
(Defendant Officers and Detectives)

27. PLAINTIFF re-alleges and incorporates paragraphs 1-26 as fully stated herein.

28. As described above, DEFENDANT OFFICES and DETECTIVES falsely arrested and unlawfully detained PLAINTIFF without justification and without probable cause.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

30. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to prolonged physical incarceration and severe mental distress and anguish.

## COUNT II
**(Due Process Violation)**
**(Defendant Officers and Detectives)**

31. PLAINTIFF re-alleges and incorporates paragraphs 1-26 as fully stated herein.

32. As described above, the DEFENDANT OFFICERS and DETECTIVES, while acting under color of law and within the scope of their employment as Chicago police Officers, violated PLAINTIFF'S right to Due Process, *inter alia*, fabricating evidence, by manipulating and/or tampering with witness statements and identification procedures, and withholding exculpatory evidence from prosecutors resulting in a deprivation of PLAINTIFF'S liberty.

Absent this misconduct, the prosecution of the PLAINTIFF could not and would not have been pursued.

33. The misconduct described in this Court was undertaken intentionally, with malice, willfulness and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

34. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to, incarceration, severe mental distress and anguish.

## COUNT III
**(Conspiracy Claims)**
(All Defendants)

35. PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

36. Pleading in the alternative as described more fully above, the DEFENDANT OFFICERS and DETECTIVES conspired with each other and DEFENDANT BRIDGER to frame the PLAINTIFF as the offender involved in the robbery. The DEFENDANT OFFICERS and DETECTIVES also acted in concert with each other to intentionally deprive PLAINTIFF of his constitutional rights under color of law.

37. In furtherance of this conspiracy, the DEFENDANTS took overt acts in fabricating evidence, manipulating the false identification of PLAINTIFF and withholding exculpatory evidence from prosecutors, all in violation of both state and federal law.

38. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the PLAINTIFF.

39. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, he have suffered financial and other damages, including but not limited to substantial incarceration, mental stress and anguish.

40. The aforementioned actions of the DEFENDANTS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

## **COUNT IV**
### **(Failure To Investigate)**
(Defendant Officers and Detectives)

41. PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

42. As described above, DEFENDANT OFFICERS and DETECTIVES had a duty and obligation as sworn officers acting under color of law to conduct a legitimate investigation into the robbery of DEFENDANT BRIDGER.

43. As described above, DEFENDANT OFFICERS and DETECTIVES had a duty and obligation as sworn officers acting under color of law not to violate PLAINTIFF'S Fourth Amendment Right to be secure from unreasonable seizure.

44. The failure of the DEFENDANT OFFICERS and DETECTIVES to conduct any investigation into the identity of the individual described by DEFENDANT BRIDGER or the owner of the 2001 red Chevy Impala used in the robbery resulted in the violation of PLAINTIFF'S Fourth Amendment Rights.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the PLAINTIFF.

46. As a result of the above-described wrongful infringement of PLAINTIFF'S rights,

PLAINTIFF suffered damages, including but not limited to physical incarceration and severe mental distress and anguish.

### COUNT V
### (Malicious Prosecution)
(All Defendants)

47. PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

48. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in PLAINTIFF'S favor in a manner indicative of innocence.

49. The DEFENDANTS accused the PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence and made false reports, conducted suggestive identification procedures and other statements with the intent of exerting influence to institute and continue judicial proceedings.

50. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the PLAINTIFF.

51. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

### COUNT VI
### (Indemnification)

52. PLAINTIFF re-alleges and incorporates paragraphs 1-26 above as fully stated herein.

9

53. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

54. The DEFENDANT OFFICERS and DETECTIVES acted within the scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is liable as their employer for any resulting damages or award of attorney's fees.

WHEREFORE, PLAINTIFF, ISAIAH LLOYD, respectfully requests that the Court enter judgment in his favor and against DEFENDANTS CHICAGO POLICE OFFICER PRUGER, STAR #15445; CHICAGO POLICE OFFICER PETER THEODORE, STAR #10523; CHICAGO POLICE OFFICER BRYAN COX, STAR #19328; CHICAGO POLICE DETECTIVE KENNETH PISANO, STAR #20205; CHICAGO POLICE DETECTIVE STEPHEN GRZENIA, STAR #20710; OTHER UNKNOWN CHICAGO POLICE OFFICERS; LAUREN BRIDGER ; and THE CITY OF CHICAGO, awarding compensatory damages, costs, and attorneys fees, along with punitive damages against the DEFENDANT OFFICERS and DETECTIVES in their individual capacities, as well as any other relief this court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, ISAIAH LLOYD, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive
Suite 3710
Chicago, Illinois 60606
(312) 223-1100