IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAIAH LLOYD, ) | |
| ) | Case No. 16 CV 7475 |
| Plaintiff, ) | |
| ) | Judge Pallmeyer |
| v. ) | |
| ) | |
| CHICAGO POLICE OFFICER ) | |
| ROCCO PRUGER, STAR #15445, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GRZENIA'S LOCAL RULE 56.1**
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Defendant, Detective Stephen Grzenia ("Defendant Grzenia"), by one of his attorneys, Scott A. Cohen, Assistant Corporation Counsel Supervisor, pursuant to Federal Rule of Civil Procedure 56(b) and Local Rule 56.1(a)(3), hereby submits the following Statement of Material Undisputed Facts in support of his Motion for Summary Judgment.

**PARTIES AND CLAIMS**

1. Plaintiff alleges in this action Chicago Police Officers Rocco Pruger, Peter Theodore, Bryan Cox, and Detectives Kenneth Pisano and Stephen Grzenia violated his constitutional rights in that they conspired to and in fact did cause him to be falsely arrested, unlawfully detained, deprived of his liberty, and fabricated evidence in violation of his due process rights. (Ex. A, Plaintiff's Second Amended Complaint.)

2. The City of Chicago is a defendant for purposes of indemnification. (Ex. A, Plaintiff's Second Amended Complaint, ¶¶ 45–47.)

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367. (Ex. A, Plaintiff's Second Amended Complaint, ¶ 2.)

4. Venue in this District is proper pursuant to 28 U.S.C Sec. 1391(b) because the facts which give rise to Plaintiff's claims occurred in the Northern District of Illinois. Further, the parties reside within this District, and Defendant City of Chicago is a municipal corporation located within this District. (Ex. A, Plaintiff's Second Amended Complaint, ¶ 3.)

## PLAINTIFF'S ARREST

5. At close to midnight on July 24, 2014, Plaintiff was arrested by Officers Rocco Pruger, Peter Theodore, and Bryan Cox at a gas station located at 603 S. Independence Blvd. in Chicago, Illinois, for the offense of aggravated robbery against Lauren Bridger ("Bridger"). (Ex. B, arrest report.)

6. Plaintiff was transported to the police station for processing. (Ex. B, arrest report.)

7. Officer Peter Theodore prepared the arrest report for Isaiah Lloyd. (Ex. B, arrest report.)

8. Officer Rocco Pruger prepared the original case incident report for Isaiah Lloyd. (Ex. C, original case incident report.)

## DEFENDANT GRZENIA'S INVESTIGATION

9. On the morning of July 25, 2014, Defendant Grzenia was assigned as a detective to investigate this case. (Ex. D, Defendant Grzenia deposition, 13:1-5, 14:2-4, 33:1-12.)

10. By the time Defendant Grzenia was assigned to the case, the arresting officers were gone for the day, so he did not speak to them. (Ex. D, Defendant Grzenia deposition, 17:2-9.)

11. After being assigned to this case, Defendant Grzenia obtained and reviewed the arrest and incident reports, then contacted the victim, Bridger, and a witness, Abraham Oshel ("Oshel"), both over the phone, and relocated to the police station where he interviewed the Plaintiff. (Ex. D, Defendant Grzenia deposition, 19:19-20:23, 23:13-16; Ex. B, arrest report; Ex. C, incident report; Ex. E, supplementary report.)

12. The arrest and incident reports that the arresting officers prepared both indicated Bridger viewed Plaintiff in a show up and positively identified him as the person who robbed her. (Ex. B, arrest report; Ex. C, incident report.)

13. At the time Defendant Grzenia spoke to Bridger, his understanding from the arrest and incident reports was that Bridger physically saw Plaintiff at the gas station and positively identified him as the person who robbed her. (Ex. D, Defendant Grzenia deposition, 25:11-29:5.)

14. According to Defendant Grzenia, Bridger described the robbery and told him she was certain and confident about the person she identified. (Ex. D, Defendant Grzenia deposition, 30:14-33:21.)

15. Bridger testified in her deposition that at the time of the identification, she was confident in her identification and believed she was choosing the person who robbed her. (Ex. F, Bridger deposition, 72:1-3, 73:6-9, 74:10-15.)

16. When Bridger identified Plaintiff at the gas station, she viewed him along with other individuals, but Defendant Grzenia knew nothing about those other individuals. (Ex. D, Defendant Grzenia deposition, 52:7-13.)

17. After speaking to Bridger, Oshel, and Plaintiff, Defendant Grzenia spoke to Assistant State's Attorney Andrew Yassan ("ASA Yassan") over the phone, gave him a summary of the case, and indicated Bridger positively identified Plaintiff as the robber (based on the reports he reviewed and his conversation with Bridger). (Ex. D, Defendant Grzenia deposition, 94:7-17, 96:11-20, 97:4-14.)

18. Defendant Grzenia did not testify in any criminal proceeding against Plaintiff. (Ex. D, Defendant Grzenia deposition, 100:12-14.)

## ASA YASSAN'S DECISION TO CHARGE

19. In July of 2014, ASA Yassan was assigned to the Felony Review Unit of the Cook County State's Attorney's Office. (Ex. G, Yassan deposition, 9:9-11.)

20. It is the decision of the Cook County State's Attorney to approve felony charges. (Ex. G, Yassan deposition, 8:24-9:4, 25:6-9.)

21. On July 25, 2014, at approximately 2:02 p.m., ASA Yassan approved the charge of aggravated robbery against Plaintiff. (Ex. G, Yassan deposition, 12:19-21.)

22. When ASA Yassan approved charges, the information available to him was whatever information was provided to him over the phone by Defendant Grzenia, and his decision to approve charges was based solely on this information. (Ex. G, Yassan deposition, 20:4-8, 49:9-13.)

23. The information provided by Defendant Grzenia to ASA Yassan was summarized in his Felony Review Unit Fact Sheet. (Ex. D, Grzenia deposition, 20:9-11; Ex. H, Felony Review Unit Fact Sheet.)

24. According to the Felony Review Unit Fact Sheet, ASA Yassan learned from Defendant Grzenia that Bridger viewed Plaintiff in a group of men and identified him as the person who robbed her. (Ex. H, Felony Review Unit Fact Sheet.)

25. ASA Yassan did not speak to Bridger or any witnesses in this case. (Ex. G, Yassan deposition, 18:4-8.)

Date:   October 1, 2018                              Respectfully submitted,

                                                     /s/ Scott A. Cohen
                                                     Scott A. Cohen
                                                     Assistant Corporation Counsel Supervisor

Scott A. Cohen, Assistant Corporation Counsel Supervisor
Iris Chavira, Assistant Corporation Counsel III
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, IL 60602
scott.cohen@cityofchicago.org
iris.chavira@cityofchicago.org
(312) 744-2568
(312) 744-6566 (fax)
Attorney No. 6292577